UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**COTY ROBERT RAINEY**  　　　　　　　　　　　　**CIVIL ACTION**

**VERSUS**  　　　　　　　　　　　　　　　　　　　**NO. 24-587**

**UNIVERSITY OF NEW ORLEANS**  　　　　　　　**SECTION: "I"(1)**
**HOSPITAL**

## REPORT AND RECOMMENDATION

Plaintiff, Coty Robert Rainey, a state prisoner, filed this *pro se* federal civil rights action. In the caption of his complaint, he listed the defendant as "University of New Orleans Hospital";[1] however, in the section of his complaint in which he was to identify the defendants, he listed only an unidentified hospital doctor.[2] In the section of his complaint in which he was to provide a statement of his claim, he alleged that he had surgical plates placed in his right eye socket in 2008, but that those plates were removed due to a hardware failure in 2015-2016. He further alleged that he was placed in the ICU when the plates became infected and turned septic in 2024. Lastly, he alleged that he had a rod placed in his right femur.[3]

With respect to actions, such as this one, which are filed *in forma pauperis*, federal law mandates:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that ... the action …
>
> 　　(i)　　is frivolous or malicious;
> 　　(ii)　　fails to state a claim on which relief may be granted; or

---

[1] Rec. Doc. 3, p. 1.
[2] Id. at p. 4.
[3] Id.

        (iii)    seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B).

A claim is frivolous "if it lacks an arguable basis in law or fact." Reeves v. Collins, 27 F.3d 174, 176 (5th Cir. 1994). When making that determination, the Court has "not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Neitzke v. Williams, 490 U.S. 319, 327 (1989); Macias v. Raul A. (Unknown), Badge No. 153, 23 F.3d 94, 97 (5th Cir. 1994).

A complaint fails to state a claim on which relief may be granted when the plaintiff does not "plead enough facts to state a claim to relief that is plausible on its face. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." In re Katrina Canal Breaches Litigation, 495 F.3d 191, 205 (5th Cir. 2007) (footnote, citation, and quotation marks omitted).

For the following reasons, plaintiff's complaint, even when liberally construed,[4] is frivolous and/or fails to state a claim on which relief may be granted.

Plaintiff filed this action pursuant to 42 U.S.C. § 1983. In pertinent part, that statute provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress ….

---

[4] The Court must liberally construe a *pro se* civil rights complaint. See Moore v. McDonald, 30 F.3d 616, 620 (5th Cir. 1994).

2

42 U.S.C. § 1983.  Accordingly, "[t]o state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law."  West v. Atkins, 487 U.S. 42, 48 (1988).  Here, plaintiff has done neither.

First, plaintiff has not alleged a deprivation of a constitutional right.  It is true that plaintiff is a prisoner and that his claims concern his medical care.  It is also true that "[t]he Supreme Court has interpreted the Eighth Amendment's prohibition against cruel and unusual punishment to impose a duty on prison officials to ensure that inmates receive adequate medical care."  Davis v. Lumpkin, 35 F.4th 958, 962 (5th Cir. 2022) (cleaned up).  But that constitutional right is violated only if an official has "acted or failed to act with deliberate indifference" to "a substantial risk of serious harm."  Gobert v. Caldwell, 463 F.3d 339, 345 (5th Cir. 2006).  Here, plaintiff has not alleged that the defendants engaged in any misconduct whatsoever, much less that they acted or failed to act with deliberate indifference.  At most, plaintiff has alleged only that he suffered poor outcomes from his medical care, but "[u]nsuccessful medical treatment, acts of negligence, or medical malpractice do not constitute deliberate indifference, nor does a prisoner's disagreement with his medical treatment, absent exceptional circumstances."  Id. at 346.

Second, even if plaintiff had alleged a deprivation of a constitutional right, which he has not, he has not alleged that the defendants were acting under color of state law.  Here, the only defendants are University Medical Center New Orleans (incorrectly identified in the complaint as "University of New Orleans Hospital") and an unidentified doctor of that hospital.  However, University Medical Center New Orleans is not a state actor.  White v. City of New Orleans, Civ. Action No. 19-11911, 2020 WL 2844845, at *6 (E.D. La. May 29, 2020), aff'd, 844 F. App'x 719

3

(5th Cir. 2021).  Moreover, plaintiff has not alleged that the unidentified doctor was a state actor or that either defendant acted in concert with a state actor.  Therefore, plaintiff's § 1983 claims are subject to dismissal.  Id.

Lastly, to the extent, if any, plaintiff intended to assert state law claims, such as ones for negligence or malpractice, the Court should decline to consider them since he has no valid federal claim.  See 28 U.S.C. § 1367(c)(3) ("The district courts may decline to exercise supplemental jurisdiction over a claim ... if ... the district court has dismissed all claims over which it has original jurisdiction ...."); see also Jackson v. Mizzel, 361 F. App'x 622, 627 (5th Cir. 2010) ("Because [the plaintiff] states not one valid federal claim, the district court properly declined jurisdiction over his Louisiana causes of action."); Bass v. Parkwood Hospital, 180 F.3d 234, 246 (5th Cir. 1999) ("When a court dismisses all federal claims before trial, the general rule is to dismiss any pendent claims.").  If plaintiff wishes to pursue claims under state law, he should do so in the state courts.

## RECOMMENDATION

It is therefore **RECOMMENDED** that plaintiff's federal civil rights claims be **DISMISSED WITH PREJUDICE** as frivolous and/or for failure to state a claim on which relief may be granted.

It is **FURTHER RECOMMENDED** that plaintiff's claims under state law, if any, be **DISMISSED WITHOUT PREJUDICE** to their being asserted in the state courts.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from

attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  28 U.S.C. § 636(b)(1); Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this 1st day of July, 2024.

_____
**JANIS VAN MEERVELD**
**UNITED STATES MAGISTRATE JUDGE**